ANNIE LAU, SBN 302438
alau@fisherphillips.com
NATHAN K. LOW, SBN 299587
nlow@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111-3712
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
UNITED AIRLINES, INC.

MICHAEL J. FRIEMAN, SBN 280716
mike@employlegal.com
LAW OFFICE OF MICHAEL FREIMAN
100 Wilshire Blvd., Ste. 700
Santa Monica, CA 90401
Telephone: (310) 917-1022

Attorneys for Plaintiff
ARNEIL DAGA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARNEIL DAGA,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED AIRLINES, INC.; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No: 4:19-cv-04630-JST<br><br>*Removed from San Francisco Superior Court, Case Number CGC-19-577453*<br><br>**JOINT CASE MANAGEMENT STATEMENT/RULE 26(f) REPORT AND [PROPOSED] ORDER**<br><br>DATE:          November 26, 2019<br>TIME:           2:00 p.m.<br>COURTROOM: 6<br>JUDGE:         Hon. Jon S. Tigar<br><br>Complaint Filed:  July 9, 2019<br>Removal Date:    August 9, 2019<br>Trial Date:           None Set |

Plaintiff ARNEIL DAGA ("Plaintiff") and Defendant UNITED AIRLINES, INC. ("Defendant") hereby jointly submit this Joint Case Management Statement/Rule 26(f) Report and Proposed Order pursuant to the Standing Order for All Judges of the Northern District of California and Civil Local Rule 16-9. The Parties expressly reserve the right to amend, modify, and/or supplement the information set forth herein.

**1.  JURISDICTION AND SERVICE**

This Court has original subject matter jurisdiction over this action under 28 U.S.C. § 1332 because it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. The Parties do not raise any issues related to personal jurisdiction or venue. All Parties have been served.

**2.  FACTS**

*Plaintiff's Contentions*

Plaintiff alleges the following causes of action against Defendant: 1) Discrimination in Violation of the FEHA; 2) Failure to Prevent Discrimination (FEHA); 3) Failure to Engage in a Timely Good Faith Interactive Process in Violation of the FEHA; 4) Failure to Provide Reasonable Accommodations; 5) Retaliation in Violation of the FEHA; 6) Wrongful Discharge in Violation of Public Policy; and 7) Violation of the California Family Rights Act.

*Defendant's Contentions*

Defendant denies each and every allegation raised by Plaintiff, and Defendant denies that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendant. At all relevant times, Defendant denies that it violated the relevant provisions of the Fair Employment and Housing Act, the California Family Rights Act, or any other relevant provision of law.

**3.  LEGAL ISSUES**

*Plaintiff's Contentions*

1. Whether Defendant discriminated against and/or failed to prevent discrimination against Plaintiff based on his disability and/or perceived disability in violation of the FEHA;

///

2. Whether Defendant was required to engage in the interactive process and provide reasonable accommodations to Plaintiff in violation of the FEHA;

3. Whether Defendant failed to engage in the interactive process and/or provide Plaintiff with reasonable accommodations in violation of the FEHA;

4. Whether Defendant engaged in retaliatory conduct towards Plaintiff based on his purported request for accommodations and/or disability;

5. Whether Defendant engaged in conduct that violated the CFRA;

6. Whether Defendant had legitimate business reasons for terminating Plaintiff's employment;

7. Whether Plaintiff suffered emotional distress as a result of Defendant's alleged actions and/or failures to act;

8. Whether Plaintiff can prove entitlement to any damages, penalties, or other relief sought in his operative pleading;

9. Whether Plaintiff has mitigated damages; and

10. Whether Defendant must pay damages, restitution, or monetary penalties for the alleged California Labor Code violations, and if so in what amount(s)

***Defendant's Contentions***

Defendant denies Plaintiff's allegations, except as to those, if any, specifically admitted in Defendant's Answer to the First Amended Complaint. In light of this denial, Defendant anticipates the following legal disputes:

11. Whether Plaintiff can establish that Defendant discriminated against and/or failed to prevent discrimination against Plaintiff based on his disability and/or perceived disability in violation of the FEHA;

12. Whether Plaintiff can establish that Defendant was required to engage in the interactive process and provide reasonable accommodations to Plaintiff in violation of the FEHA;

///

13. Whether Plaintiff can establish that Defendant failed to engage in the interactive process and/or provide Plaintiff with reasonable accommodations in violation of the FEHA;

14. Whether Plaintiff can establish that Defendant engaged in retaliatory conduct towards Plaintiff based on his purported request for accommodations and/or disability;

15. Whether Plaintiff can establish that Defendant engaged in conduct that violated the CFRA;

16. Whether Defendant had legitimate business reasons for terminating Plaintiff's employment;

17. Whether Plaintiff suffered emotional distress as a result of Defendant's alleged actions and/or failures to act;

18. Whether Plaintiff can prove entitlement to any damages, penalties, or other relief sought in his operative pleading;

19. Whether Plaintiff has mitigated damages; and

20. Whether Defendant must pay damages, restitution, or monetary penalties for the alleged California Labor Code violations, and if so in what amount(s)

**4.    MOTIONS**

*Plaintiff*

Plaintiff may file a motion to strike and/or for summary adjudication on Defednant's affirmative defenses. Plaintiff will also file motions in limine.

*Defendant*

Defendant anticipates this litigation will necessitate the filing of a Motion for Summary Judgment and/or Adjudication.

**5.    AMENDMENT OF PLEADINGS**

Defendant does not currently anticipate that any additional amendments to pleadings will be made. Plaintiff is not presently aware of the need to amend the pleadings, and reserves its right to do so.

6. **EVIDENCE PRESERVATION**

The Parties understand their duty to preserve records, including paper and electronic copies, and have taken reasonable steps to preserve documents in their possession that the Parties are able to determine at present are relevant to the operative complaint.

7. **DISCLOSURES**

Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1), the Parties have made their initial disclosures on November 13, 2019.

8. **DISCOVERY**

*Status of Discovery*

The Parties have not conducted any discovery as of the date of this filing. The Parties agree that the anticipated methods of future discovery will include: (1) written discovery in the form of Interrogatories, Requests for Admission, and Requests for Production of Documents; (2) written discovery via issuance of subpoenas to third parties; and (3) oral depositions of Plaintiff and other witnesses, including "person(s) most knowledgeable" under Federal Rules of Civil Procedure Rule 30(b)(6). The Parties anticipate that a protective order will be required in order to prevent the unauthorized disclosure of confidential documents and information.

*Electronically Stored Information*

The Parties have taken all steps to preserve all electronically stored information.

*Claims of Privilege/Protection of Trial Material*

The Parties are presently unaware of any issues about claims of privilege or the protection of trial preparation materials. However, the Parties believe that a protective order is necessary and appropriate in this case. Specifically, the Parties assert that the disclosure of confidential, sensitive, and/or proprietary information will be required.

*Changes to Discovery Imposed by the FRCP or Local Rule(s)*

The Parties agree that the Federal Rules of Civil Procedure will apply to discovery. Should additional discovery beyond what is allowable under the Federal Rules of Civil Procedure be necessary, the Parties agree to meet and confer in good faith to resolve any issues. Should the Parties be unable to resolve any discovery issues, both Parties reserve their right to bring matters

before the Court.

*Dates for Commencing and Completing Discovery*

The Parties will exchange the information required by Federal Rules of Civil Procedure 26(a)(1) on or before December 10, 2019.

Defendant contends discovery will be commenced in time to be completed by November 13, 2020. Plaintiff contends discovery will be completed by July 31, 2019. The number of interrogatories, requests for admissions, and requests for production of documents, as well as the number and length of depositions shall be as set forth in the Federal Rules of Civil Procedure.

The parties will meet and confer regarding the terms of a Stipulated Protective Order if necessary.

**9.   CLASS ACTIONS**

This is not a class action.

**10.   RELATED CASES**

There are no known related cases.

**11.   RELIEF**

*Plaintiff's Contentions*

Plaintiff seeks economic damages (including without limitation lost pages/future wages, damage to earning capacity, and damage to professional reputation), non-economic damages (including without limitation mental suffering and emotional distress), punitive damages, attorney's fees and costs in an amount exceeding $1,000,000.

*Defendant's Contentions*

Defendant denies Plaintiff's allegations, except as to those, if any, specifically admitted in Defendant's Answer to Plaintiff's First Amended Complaint. Consistent therewith, Defendant denies that Plaintiff is entitled to any relief, judgment or damages and denies that any damages can or otherwise should be attributable to Defendant.  Defendant reserves its right to recover its fee and costs.

**12.   SETTLEMENT AND ADR**

The Parties have complied with Northern District of California's ADR L.R. 3-5 by filing

the ADR Certification.

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

On August 16, 2019, Defendant declined to proceed before a Magistrate Judgment. ECF Doc. No. 9.

**14.   OTHER REFERENCES**

The Parties agree that the immediate matter is not suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   NARROWING OF ISSUES**

The Parties have not stipulated to the narrowing of any issues.  This may be possible after the parties have had an opportunity to conduct further discovery.

**16.   EXPEDITED TRIAL PROCEDURE**

This case is not suitable for handling under the Expedited Trial Procedure of General Order No. 64 Attachment A.

**17.   SCHEDULING**

Defendant proposes that the cut-off date for fact and expert discovery be November 13, 2020; a motion cutoff date of December 4, 2020; a pretrial conference be February 4, 2021; and trial on in February 11, 2021.

Plaintiff proposes that the cut-off date for fact and expert discovery be July 31, 2020; a motion cutoff date of July 31, 2020; a pretrial conference be August 3, 2020; and trial on in August 24, 2020.

**18.   TRIAL**

Defendant's dates of unavailability are as follows:

**19.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

*Plaintiff*

Plaintiff is unaware of any interested non-parties requiring disclosure pursuant to Local Rule 3-16.

///

///

*Defendant*

On August 9, 2019, Defendant filed and served its "Certificate of Interested Entities or Persons." Pursuant to Civil Local Rule 3-15, the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

1. Plaintiff Arneil Daga, a party to this litigation;
2. Defendant United Airlines, Inc., a party to this litigation; and,
3. United Airlines Holdings, Inc.

**20. PROFESSIONAL CONDUCT**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER MATTERS**

The Parties are not aware of other matters that might facilitate the just, speedy and inexpensive disposition of this matter.

Dated: November 13, 2019

FISHER & PHILLIPS LLP

By: /s/ Nathan K. Low
ANNIE LAU
NATHAN K. LOW

Attorneys for Defendant
UNITED AIRLINES, INC.

Dated: November 13, 2019

LAW OFFICES OF MICHAEL FREIMAN

By: /s/ Michael Freiman
MICHAEL FREIMAN

Attorneys for Plaintiff
ARNEIL DAGA

**ECF ATTESTATION**

Pursuant to Civil L. R. 5-1(i)(3) the filer attests that concurrence in the filing of this document has been obtained from each of the other signatories thereto.


Dated: November 13, 2019                /s/ *Nathan K. Low*
                                          NATHAN K. LOW

**CASE MANAGEMENT ORDER**

The above JOINT CASE MANAGEMENT STATEMENT/RULE 26(f) REPORT & PROPOSED ORDER is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated: _____

_____
UNITED STATES DISTRICT JUDGE